UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                            Case No. 17-20744
                                            Hon. Denise Page Hood

KASHIF RASOOL.

    Defendant.
_____/

## ORDER GRANTING IN PART and DENYING IN PART DEFENDANT'S MOTION TO AMEND BOND [#16]

### I.    INTRODUCTION

Defendant Kashif Rasool plead guilty to one count of Conspiracy to Commit Health Care Fraud, in violation of 18 U.S.C. § 1349. Defendant's sentencing is currently scheduled for September 10, 2020, and he remains free on bond, subject to the conditions of his bond. On April 24, 2020, Defendant filed a Motion to Amend his bond conditions [ECF No. 16], specifically asking the Court to determine whether he can bill federal health care programs in connection with his family medicine practice.

### II.    BACKGROUND

Since Defendant's first appearance on January 10, 2018, among Defendant's conditions of bond are that he shall not directly or indirectly bill Medicare or Medicaid, or federal medical programs. [ECF No. 8, Pg.ID 26] Defendant asserts

1

that he has complied with all his bond requirements throughout his matter. [ECF No. 16, Pg.ID 85]

### III. ANALYSIS

Defendant argues that he is trained as a family medicine physician and his experience is needed throughout Michigan to assist with the COVID-19 pandemic. Defendant asserts that he is "capable of providing front-line medical services to the community" in both outpatient and inpatient settings. [ECF No. 16, Pg.ID 88] Defendant contends that his current bond constraints, which restrict him from indirectly or directly billing federal health care programs, has prevented him from obtaining employment with local hospitals and medical clinics during the current pandemic.

Defendant cites this Court's decision in *United States v. Omar*, 17- cr-20465, which allowed the defendant ("Dr. Omar") in that case to volunteer his time as a pulmonologist to assist with the COVID-19 pandemic. In Response, the Government asserts that Dr. Omar had specific training as a pulmonologist and volunteered his services to assist with the COVID-19 pandemic. The Government further notes that COVID-19 is a disease that attacks the respiratory system, and a pulmonologist has specific medical training to assist with the large influx of patients suffering from upper respiratory infections. To the extent that Defendant is willing to volunteer his services, agrees not to prescribe controlled substances, and

abides by the Court's other imposed restrictions, the Government does not oppose Defendant's Motion.

The Court is not opposed to modifying Defendant's Bond to allow him to volunteer as a family physician. However, Defendant is asking for compensation. The Court notes one critical thing about Defendant's crime that is or should not be relevant with respect to the modification he seeks. Defendant's crime was committed while working at a pain clinic. Defendant is not asking to, and shall not be permitted to, work in a pain clinic as a result of this Order; he is asking and will be permitted to provide services at local hospitals. There is no evidence, nor even any allegation, that Defendant wrongfully billed Medicare or engaged in misconduct in his medical practice before his employment with Tri-County Physicians or in a hospital or emergency room.

As part of Defendant's Request, he cites the Court's modification of Dr. Omar's bond in *United States v. Omar*, 17- cr-20465. The Court finds *Omar* is distinguishable from the instant one because Dr. Omar offered to work pro bono. As in Defendant's case, Dr. Omar was convicted of Conspiracy to Commit Health Care fraud. Dr. Omar asked the Court to be allowed to serve as a volunteer pulmonologist, without pay or compensation.

As the Government emphasized at Dr. Omar's trial, his crimes of administering and billing for medically unnecessary services was financially motivated. If he is volunteering, and the Court prohibits him for accepting compensation of any kind, that motivating factor is not present. The Court concluded that several other factors strongly weighed in favor of permitting Dr. Omar to volunteer as a pulmonologist in the manner proffered. Most significantly, Dr. Omar is a pulmonologist, a specialty for which there is a critical need in combating the COVID-19 pandemic. For this reason, Dr. Omar can be a valuable resource in assessing and treating patients suffering from COVID-19, a virus that affects the respiratory system. The Court also found it important that Dr. Omar's volunteer status made it unlikely that he himself would have the authority to prescribe controlled substances or bill Medicare/Medicaid. The Court also notes that Dr. Omar's original bond request asked the Court to allow Dr. Omar to continue working and bill for his services. *United States v. Omar*, 17- cr-20465 [ECF No. 131] The Court denied that request. *Id.* [ECF No. 164]

Unless Defendant is volunteering his services, the Court is not convinced that altering his bond order is appropriate. Given the need for physicians to assist with the COVID-19 pandemic in Michigan, the Court will allow Defendant to volunteer his services. As Defendant has acknowledged, any such actions are prohibited by his current bond conditions, and the Court reiterates now that

Defendant shall not bill any federal health care program or prescribe any controlled substances. To be clear, the Court is not prohibiting controlled substances from being prescribed to a patient seen by Defendant or a federal health care program being billed for a patient seen by Defendant, so long as a different licensed physician prescribes the controlled substances and/or bills the federal health care program.

Finally, the Court believes that there are additional conditions – or clarifications of Defendant's conditions—of bond that the Court can and will impose to ensure that he complies with the terms of his bond conditions. Specifically, Defendant shall notify Pretrial Services in advance of any volunteer work he is going to perform, including identifying: (a) the hospital(s) at which he is going to volunteer, (b) his schedule, (c) his expected scope of duties, and (d) a contact person at each such hospital. Each such contact person must be authorized and competent to: (1) define the scope of Defendant's duties at that facility, (2) explain how Defendant will be supervised, and (3) to attest that Defendant is performing at that hospital in compliance with the conditions of Defendant's bond and this Order, including, without limitation, that Defendant is not receiving compensation of any kind, is not prescribing any controlled substances, and is not billing any federal health care program.

For all of these reasons, the Court concludes that, for as long as Defendant is and remains a licensed physician in the State of Michigan, Defendant's conditions of bond allow him to volunteer as a physician at one or more local hospital(s), during the COVID-19 crisis, consistent with the terms, restrictions, and requirements of this Order.

## IV. CONCLUSION

Accordingly,

IT IS ORDERED that Defendant's Motion to Clarify Bond Conditions [ECF No. 16] is **GRANTED** in Part and **DENIED** in Part.

IT IS FURTHER ORDERED that, for as long as Defendant is and remains a licensed physician in the State of Michigan, Defendant may volunteer only as a family medicine physician, which provides assistance during the COVID-19 pandemic, and only at one or more local hospitals during the COVID-19 crisis, and Defendant shall not accept, directly or indirectly, any form of compensation for any services he provides.

IT IS FURTHER ORDERED that Defendant shall not bill any federal health care program or prescribe any controlled substances.

IT IS FURTHER ORDERED that Defendant shall notify Pretrial Services in advance of any volunteer work he is going to perform, including identifying: (a)

the hospital(s) at which he is going to volunteer, (b) his schedule, (c) his expected scope of duties, and (d) a contact person at each such hospital.

IT IS FURTHER ORDERED that each such contact person must be authorized and competent to: (1) define the scope of Defendant's duties at that facility, (2) explain how Defendant will be supervised, and (3) to attest that Defendant is performing at that hospital in compliance with the conditions of Defendant's bond and this Order, including, without limitation, that Defendant is not receiving compensation of any kind, is not prescribing any controlled substances, and is not billing any federal health care program.

IT IS FURTHER ORDERED that Defendant shall immediately notify Pretrial Services of any change to information Defendant has provided to Pretrial Services with respect to any volunteer position he undertakes.

s/Denise Page Hood
DENISE PAGE HOOD
DATED: May 19, 2020                           Chief Judge